## SHARP *vs.* SIMONS & GARSED.

By a contract between the parties, the defendants agreed to procure fifty cotton warps to be manufactured, and to sell and deliver them to the plaintiff, at a specified price, to be paid on delivery. The defendants delivered 28 of the warps to the plaintiff, and procured the remaining 22 to be manufactured, but instead of delivering them to the plaintiff, they sold them to another person, at a price exceeding that which the plaintiff agreed to pay, and used the proceeds. In an action by the plaintiff, to recover such excess, the complaint alleged the transaction to be a sale by the defendants of warps belonging to the plaintiff and delivered to the defendants as his agent, to sell on his account.

*Held,* 1. That the contract was executory, and under it the title to the warps did not pass to the plaintiff, till delivery.

2. That without title to the 22 warps, the plaintiff could not adopt the sale made by the defendants, as his own; his only remedy being for a breach of the executory agreement to deliver them to him.

3. That he could not recover in this action, with the complaint in its present form, without establishing an express agreement by the defendants to sell the warps on his account.

APPEAL from a judgment entered on the verdict of a jury. The complaint alleged that on June 17, 1864, the plaintiff delivered to the defendants twenty-two cotton warps belonging to the plaintiff, to be sold for him on commission, the proceeds to be accounted for by them to him; the commission to be 2½ per cent for selling and guaranty—an alleged sale by the defendants—a demand of an account of sales and refusal; and the action was brought for the proceeds. The answer denies any such transaction; any delivery of any warps to be sold for the plaintiff; any undertaking on the defendants' part to sell for the plaintiffs any warps, or to account for, pay over or guaranty the proceeds of any such sale, or any damages. The case was tried at the circuit before a justice of this court and a jury, who, under the charge of the judge, rendered their verdict for the plaintiff for the amount claimed, $1322.19.

The defendants appealed from the judgment.

*Jos. H. Choate,* for the appellants.

*F. N. Bangs,* for the respondent.

*By the Court,* JAMES C. SMITH, J.   By the original contract between the parties, the defendants agreed to procure fifty cotton warps to be manufactured, and to sell and deliver them to the plaintiff, at a specified price to be paid on delivery.   The defendants delivered twenty-eight of the warps to the plaintiff in pursuance of the contract, and they procured the remaining twenty-two warps to be manufactured, but instead of delivering them to the plaintiff, the defendants sold them to another person, and used the proceeds.   The sum received by them exceeded the price which the plaintiff agreed to pay, and that excess the plaintiff seeks to recover in this action.   In his complaint he alleged the transaction to be a sale by the defendants of warps belonging to him and delivered to the defendants as his agents to sell on his account. In support of that allegation he testified on the trial, that after the twenty-eight warps had been delivered, the defendants, who were commission merchants, agreed with the plaintiff to sell the remaining twenty-two warps for him on commission.   That statement was contradicted by the testimony of the defendants.   The question thus raised was submitted to the jury, and if this were all of the case it would be free from error.

But the learned judge, on being requested by the defendants' counsel to instruct the jury that the plaintiff could not recover, unless they were satisfied that subsequently to the original contract, an agreement was made by which the defendants undertook to sell the twenty-two warps for the plaintiff's account, declined so to charge.   Further, he charged the jury, in substance, that even though there had been no contract to sell on the plaintiff's account, the plaintiff might ratify the sale, and regarding the defendants as having sold

on his account, and as having received the proceeds, might look to them as his factors.

In so charging, and declining to charge, I am of opinion the learned judge fell into an error. The original contract was strictly executory. Under it, the title to the warps did not pass to the plaintiff, till delivery. Without title to the twenty-two warps he could not adopt the sale as his own. His only remedy was for a breach of the executory agreement to deliver them to himself. He could not recover in the present action, or at least, under the complaint in its present form, without establishing an express agreement by the defendants to sell the warps on his account.

I think the judgment should be reversed and a new trial ordered.

[NEW YORK GENERAL TERM, April 3, 1867. *Leonard, Ingraham* and *J. C. Smith,* Justices.]